IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARTHA PERAZA and MAURA GAWIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DOMINICK'S FINER FOODS, LLC,<br><br>Defendant. | Civil Action No. 11 C 8390<br><br>Judge Lee |

## ORDER GRANTING FINAL APPROVAL

The Parties, Martha Peraza and Maura Gawin, for themselves and on behalf of the Class, and Dominick's Finer Foods, LLC ("Dominick's or "Defendant"), having appeared before the Court on March 15, 2013, for a Hearing on Final Approval of the Class Action Settlement in the above-captioned matter, the Court having reviewed the Plaintiffs' Motion for Final Approval of the Parties' Class Action Settlement and other related materials submitted by the Parties, as well as the Parties' presentation at the Hearing on Final Approval, and otherwise being fully informed in the premises:

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1.  This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1332(d)(2), including all members of the Settlement Class, preliminarily certified for settlement purposes only, by Order dated November 20, 2012, (ECF No. 45), and defined as follows:

> All persons who worked for Defendant in the State of Illinois in the job position Starbucks Manager between November 23, 2008 and November 14, 2012 ("Class Period") and who were paid on a salary basis (herein the "Class" or "Settlement Class").

2. The Court finds that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a) and Rule 23(b)(3) for purposes of settlement of this action. Accordingly, the Court finally certifies the Settlement Class for purposes of settlement of this action.

3. The Notice of Class Action Settlement ("Class Notice") sent to the members of the Class ("Class Members") by the Settlement Administrator via First Class Mail adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to them to obtain monetary relief, their right to request exclusion from the Settlement and pursue their own remedies, and their opportunity to file written objections and to appear and be heard at the final approval hearing regarding the approval of the Settlement Agreement. The Class Notice also adequately informed the Class Members of toll-free numbers for Simpluris, the Settlement Administrator ("Settlement Administrator"), and Class Counsel. The Court finds that the Class Notice satisfies the requirements of Rule 23(c)(2)(B) and Rule 23(e)(1).

4. The Court finds that no Class Members requested exclusion from the Settlement Class.

5. The Court hereby approves the proposed Settlement Agreement and finds that the Settlement is fair, reasonable, and adequate to all Class Members. The Court finds that the strength of Plaintiffs' case on the merits, weighed against Defendant's defenses and the complexity, length, and expense of further litigation, support approval of the Settlement. The Settlement Amount of $1,450,000, as set forth in the Settlement Agreement, is a fair, reasonable, and adequate settlement of the claims. The Settlement was reached pursuant to arm's-length negotiations between the Parties, and has the support of Class Counsel and Counsel for Defendant, both of whom have significant experience representing parties in complex class

actions, including those involving wage and hour claims. No objections to the Settlement were made by the Class Members, and this fact likewise supports approval. Finally, the litigation has progressed to a stage where the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the Settlement.

6. The Settlement Administrator shall make a Settlement Payment to each member of the Settlement Class, in accordance with the calculations provided for in Section V.8 of the Settlement Agreement.

7. The Court finds that Named Plaintiffs and Class Representatives Martha Peraza and Maura Gawin, in prosecuting the case on behalf of the Class, each made a substantial contribution to its outcome, and are therefore deserving of a service award in recognition of their effort. A Service Award in the amount of $7,500.00 each is therefore approved for Plaintiffs Peraza and Gawin. These Service Awards shall be paid from the Settlement Fund.

8. The Court finds that Consent Plaintiffs Lenise Maxey, Selena Mussay, Theresa Froelich, Juan Cuarenta, Yesenia Serna-Vazquez, Eralba Duckollari, Danielle Mayfield, and Paul Yamauchi also contributed to a favorable outcome for Class Members, and are therefore deserving of a service award in recognition of their effort. A Service Award in the amount of $1,500.00 each is therefore approved for Plaintiffs Maxey, Mussay, Froelich, Cuarenta, Serna-Vazquez, Duckollari, Mayfield, and Yamauchi. These Service Awards shall be paid from the Settlement Fund.

9. Class Counsel are awarded one-third ($^1/_3$) of the Settlement Amount, or $483,333.33, in attorneys' fees. Class Counsel are further awarded $5,371.02 in recoverable litigation costs. The award of attorneys' fees and costs shall be paid from the Settlement Fund.

10. The costs of the Settlement Administrator shall be paid from the Settlement Fund.

Simpluris, Inc. shall be paid a sum of $10,088.00 from the Settlement Fund for the services it performed in connection with the administration of the Settlement.

11. Plaintiffs and Class Members shall have 180 days from the issuance of their settlement checks to cash those checks. As provided in Section V.18 of the Parties' Settlement Agreement, settlement checks that are not timely cashed will be void. Any portion of the Settlement Fund that is unclaimed during the distribution period shall be paid to Defendant within twenty-one (21) days after the expiration of the one-hundred-eighty (180) day check-cashing period.

12. Defendant shall pay separate and apart from the Settlement Fund, the employer's share of all applicable state and federal payroll taxes on any back pay check distributed to the Plaintiffs and Class Members. No later than five (5) calendar days after the entry of this Order, the Settlement Administrator shall confirm with Defendant the total amount of the employer's share of payroll taxes for all Settlement Payments. Within ten (10) calendar days after entry of this Order, Defendant will transmit the amount payable for the employer's share of payroll taxes by wire transfer to the Settlement Administrator.

13. This Court hereby dismisses all claims released in the Settlement Agreement on the merits and with prejudice and without awarding costs to any of the Parties as against any other settling Party, except as provided in the Settlement Agreement.

14. The Court orders that all Plaintiffs and Class Members release and discharge the "Released Claims" arising during the Class Period against Defendant, and its past, present, and future direct and indirect parents, affiliates, subsidiaries, divisions, officers, directors, and employees (the "Released Parties") for the period of time they were paid a salary and worked in the job position of Starbucks Manager. The term "Released Claims" is defined as:

all claims, demands, rights, liabilities, and causes of action based on Defendant's alleged failure to pay overtime, whether known or unknown, which the Plaintiffs have, have had, or may have under the IMWL, 820 ILCS 105/1 *et seq.*, for wages, interest, and other damages.

All persons who cash Settlement Checks shall also release claims for owed overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, arising during the Class Period against the Released Parties for the period of time they were paid a salary and worked in the job position of Starbucks Manager.

15. The Court grants final approval of the Settlement. This matter is dismissed with prejudice. This Court retains jurisdiction solely for the purpose of interpreting, implementing, and enforcing the Settlement Agreement consistent with its terms.

16. The Clerk is directed to enter judgment consistent with this order and close this file.

ORDERED this 18th day of March, 2013 in Chicago, Illinois

_____
THE HONORABLE JOHN Z. LEE
UNITED STATES DISTRICT JUDGE